**No. 45220.**—Protest 991833–G of John D. Sibley (New York).

KEEFE, Judge: The merchandise herein consists of articles described on the invoice as "chinaware for sanitary purposes" and is itemized as canules and connections. Duty was assessed thereon under the provisions of paragraph 212, Tariff Act of 1930, as plain white chinaware at 60 percent and enameled ware at 70 percent ad valorem. The plaintiff claims that the merchandise consists of sanitary ware and is dutiable at 30 percent or 35 percent ad valorem under the provisions of paragraph 212 as amended by the trade agreement between the United States and Czechoslovakia, as published in T. D. 49458.

The provisions of the Tariff Act of 1930 and as amended by the Czechoslovakian Trade Agreement read as follows:

Par. 212. China, porcelain, and other vitrified wares * * * and manufactures in chief value of such ware, not specially provided for, 60 per centum ad valorem; painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 70 per centum ad valorem. * * *

212 China, porcelain, and other vitrified wares, * * *
    Plain white, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided:

\*      \*      \*      \*      \*      \*      \*

    Sanitary ware, and parts and fittings therefor_____ 30% ad val.
    Painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for:

\*      \*      \*      \*      \*      \*      \*

    Sanitary ware, and parts and fittings therefor_____ 35% ad val.

At the trial of this case counsel for both sides submitted upon the following agreed statement of facts:

IT IS STIPULATED AND AGREED by and between the Assistant Attorney General and counsel for the plaintiff as follows:

1. That the merchandise herein consists of certain "canules" and "connections", samples of which are attached hereto and made a part hereof and, subject to the approval of the court, may be admitted in evidence and marked Exhibits 1 and 2 respectively;

2. That said canules and connections are used solely as integral parts of syringes, the description and use of which is fully set forth in the pamphlet attached hereto and made a part hereof, which, subject to the approval of the court, may be admitted in evidence and marked Illustrative Exhibit A;

3. That said canules are composed wholly or in chief value of porcelain, enameled, and were assessed for duty at 70% ad val. under Par. 212 of the Tariff Act of 1930;

4. That said connections are composed wholly or in chief value of porcelain, plain white, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and were assessed for duty at 60% ad val. under Par. 212 of said act;

5. That the protest herein is limited to the claim that said canules are properly dutiable at 35% ad val. and said connections are properly dutiable at 30% ad val. under the following provisions of Par. 212 of the Tariff Act of 1930, as modified by the Trade Agreement with Czechoslovakia in effect at the time of entry of the involved merchandise, T. D. 49458:

Sanitary ware, and parts and fittings therefor, composed wholly or in chief value of china, porcelain, or other vitrified wares, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, and not specially provided for:

    Plain white, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, 30% ad val.
    Painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, 35% ad val.

6. That plaintiff waives the right to first docket call and further amendment of the involved protest;

7. That the protest may be submitted upon this stipulation, with thirty days from the date hereof for filing of a brief by plaintiff and thirty days thereafter for the Assistant Attorney General to reply.

The plaintiff contends that the provision for sanitary ware in the trade agreement directly includes the merchandise imported herein, as such merchandise comes within the common meaning of the term "sanitary ware."

The Government, on the other hand, contends that the term "sanitary ware" has been in use for many years and is specifically defined in Funk & Wagnalls New Standard Dictionary, 1915 edition as: "Earthenware used in sewage apparatus." It is brought to the attention of the court that sanitary ware is defined in the Dictionary of Tariff Information, 1924, and also in the Summary of Tariff Information, 1929, and that such definitions do not include the merchandise herein. It is also pointed out by the Government that, at the time of the negotiations between the United States and Czechoslovakia, the United States Tariff Commission published definitions of articles in a digest of information which were intended to be included within the term "sanitary ware" and relating specifically to the trade agreement with Czechoslovakia, and that the merchandise in question was not of such character as to be included in the term "sanitary ware."

From an examination of dictionaries and Tariff Commission publications we find that the term "sanitary ware" commonly includes chinaware or earthenware that is used in sewage apparatus and bathrooms, such as lavatories, bowls, sinks, bathtubs, tanks, and other bathroom and plumbing fixtures and accessories therefor. There is nothing before us that tends to establish that plain white or enamaled chinaware used for personal hygienic purposes is commonly known as sanitary ware or that such ware is definitely, generally, and uniformly known in the trade and commerce of the United States under the class of articles commonly designated as sanitary ware.

For the reasons stated we hold that the plaintiff has failed to overcome the presumption of correctness of the collector's classification, and therefore judgment will be entered in favor of the defendant.